UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS, EASTERN DIVISION

CLAUDIA DEFURIA,

        Plaintiff,

v.

BANK OF AMERICA HOME LOANS,

        Defendant.

CIVIL ACTION NO.

**NOTICE OF REMOVAL OF ACTION**
**PURSUANT TO 28 U.S.C. §§ 1332 AND 1441(B) (DIVERSITY)**

TO THE CLERK OF THE ABOVE TITLED COURT:

Pursuant to 28 U.S.C. § 1441(b), Defendant Bank of America Home Loans[1] ("BANA") ("Defendant") hereby removes to this Court the state court action described below, on the basis of diverse citizenship. In support of this Notice, Defendant states:

1. On November 26, 2012, Plaintiff Claudia DeFuria ("Plaintiff") commenced this action in the Superior Court of the Commonwealth of Massachusetts in and for the County of Essex, entitled *Claudia DeFuria v. Bank of America Home Loans*, No. 12-2303. Defendant first received a copy of the Summons and Verified Complaint and Demand for Jury Trial ("Complaint" or "Compl."), by service or otherwise, on or about December 17, 2012.

2. The Complaint is based on alleged events related to residential property located at 7 Pearl Avenue, Lawrence, Massachusetts (the "Property"). (*See* Compl. ¶ 5.).

---

[1] Plaintiff names "Bank of America Home Loans" as a defendant. BAC Home Loans Servicing, L.P. merged with and into Bank of America N.A. in July 2011. Defendant assumes that Plaintiff intended to name Bank of America, N.A. Defendant reserves the right to raise any defenses related to this improper party designation.

3.     In compliance with 28 U.S.C. § 1446(a) and Local Rule 81.1, a copy of all "process, pleadings, and orders" served on or by Defendant is attached hereto as *Exhibit A*.

4.     Plaintiff seeks declaratory and injunctive relief due to Defendant's alleged violation of Mass. Gen. L. c. 93A, violation of Mass. Gen. L. c. 167, fraud and misrepresentation.  (*See* Compl. at 6-7.).  Plaintiff seeks relief in the form of an injunction barring any foreclosure on the Property, an order compelling BANA to provide her with a loan modification, an order enjoining BANA "from engaging in any prohibited conduct," "ancillary relief, including, but not limited to, rescission of contracts, restitution, and the disgorgement of ill-gotten monies," and monetary damages, including interest, attorney's fees, and costs.  (*See id.* at 8).

## JURISDICTION AND VENUE

5.     This action is a civil action over which this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  This action may be removed to this Court by Defendant pursuant to 28 U.S.C. § 1441(b), because this action is between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6.     Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a).  Defendant seeks to remove this case to the Eastern Division of the District of Massachusetts.  The Superior Court of Essex County, Massachusetts is located within this District, and cases arising from Essex County are properly assigned to the Eastern Division of the District of Massachusetts.  *See* 28 U.S.C. § 123(a)(3).

7.     In accordance with 28 U.S.C. § 1441(d), Defendant will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of Essex County.

# DIVERSITY JURISDICTION

## A. The Parties Are of Diverse Citizenship.

8. Plaintiff is a citizen and resident of Essex County, Massachusetts. (*See* Compl. ¶ 5.).

9. BANA is a national banking association organized under the laws of the United States and is a citizen of North Carolina. *See Wachovia Bank v. Schmidt,* 546 U.S. 303, 319 (2006). *See, also Bank of Am., N.A. v. Johnson*, 186 F. Supp. 2d 1182 (W.D. Okla. 2001) (holding that Bank of America, N.A. is a citizen of North Carolina). 28 U.S.C. § 1348 provides that "[a]ll national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located." For purposes of § 1348, a national bank is located "in the State designated in its articles of association as its main office."

10. Accordingly, complete diversity of citizenship exists between Defendant and Plaintiff.

## B. The Amount in Controversy Exceeds $75,000.

11. Plaintiff seeks injunctive relief in the form of an injunction against foreclosure on the Property. (*See* Compl. at 8.). "Where the Plaintiff seeks equitable relief, the amount-in-controversy requirement for removal based on diversity jurisdiction is 'measured by the value of the object of the litigation.'" *Aliberti v. GMAC Mortg., LLC*, 779 F.Supp.2d 242, 245 (D. Mass. 2011) (*quoting Hunt v. Wash. State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977)).

12. The unpaid principal balance of Plaintiff's loan with BANA, secured by the Property, is currently $118,857.43. (*See* Exhibit B hereto, BANA's Servicing Notes for

Plaintiff's loan.)  Therefore, the object of the litigation—and, thus, the amount in controversy—well exceeds $75,000.00.

13. In filing this Notice of Removal, Defendant does not waive, and specifically reserve, any and all objections as to service, improper party, personal jurisdiction, defenses, exception, rights, and motions.

## CONCLUSION

WHEREFORE, Defendant respectfully request the above-captioned action now pending in the Superior Court for Essex County, Massachusetts, be removed to the District of Massachusetts, Eastern Division, and that said United States District Court assume jurisdiction of this action and enter such other and further orders as may be necessary to accomplish the requested removal and promote the ends of justice.

Respectfully submitted,

BANK OF AMERICA N.A.

By its attorneys,

*/s/ William G. Cosmas, Jr.*
Stephen C. Reilly (BBO #555371)
William G. Cosmas, Jr. (BBO #670631)
SALLY & FITCH LLP
One Beacon Street
Boston, MA 02108
617-542-5542
scr@sally-fitch.com
wgc@sally-fitch.com

Dated: January 7, 2013

# CERTIFICATE OF SERVICE

    I, William G. Cosmas, Jr., hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 7, 2013.

                                                */s/ William G. Cosmas, Jr.*
                                                William G. Cosmas, Jr.