# EXHIBIT A

(TO PLAINTIFF'S ATTORNEY: *Please Circle Type of Action Involved:* - TORT - MOTOR VEHICLE TORT - CONTRACT - EQUITABLE RELIEF - OTHER.)

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, ss.

SUPERIOR COURT
CIVIL ACTION
No. 12-2303

Claudia DeFuria ........................, Plaintiff(s)

v.

Bank of America Home Loans ........................, Defendant(s)

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve upon __Mari Elizabeth A. McKeon__, plaintiff's attorney, whose address is __505 Paradise Rd, #115 - Swampscott MA 01907__, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at __34 Federal St. Salem, MA 01970__ either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13 (a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WITNESS, BARBARA J. ROUSE   , Esquire, at Salem, the
day of                         , in the year of our Lord two thousand

*Thomas H. Driscoll Jr.*
Clerk

NOTICE TO DEFENDANT - You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein *and* also file the original in the Clerk's Office

NOTES:
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

## PROOF OF SERVICE OF PROCESS

I hereby certify and return that on _____, 20 ___ , I served a copy of the within summons, together with a copy of the complaint in this action, upon the within-named defendant, in the following manner (see Mass. R. Civ. P. (d) (1-5):

_____

_____

_____

Dated: _____ , 20 ___ .                _____

N.B.  TO PROCESS SERVER:-
      PLEASE PLACE <u>DATE</u> YOU MAKE SERVICE ON DEFENDANT IN
      THIS BOX <u>ON THE ORIGINAL AND ON COPY SERVED ON DEFENDANT.</u>

|                          |
|--------------------------|
|              , 20   .    |

---

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT
CIVIL ACTION
No. 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

Claudia DeFuria
Plaintiff(s)

v.

Bank of America Home Loans
Defendant(s)

SUMMONS
(Mass. R. Civ. P. 4)

# Commonwealth of Massachusetts

Essex, SS.

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO.:

Claudia DeFuria,
             PLAINTIFF

v.

Bank of America Home Loans,
             DEFENDANT

CIVIL COMPLAINT

## VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

### PRELIMINARY STATEMENT

1. This Action seeks equitable relief, compensatory and punitive damages and costs and attorney's fees for fraudulent and deceitful acts engaged in by the Defendant.

2. The Plaintiff seeks compensation, as a result of her detrimental reliance on fraudulent representations with respect to a loan modification upon the mortgage loan that is currently held on Plaintiff's residence, and enjoins the Defendant from foreclosing on her home in violation of Mass. Gen. Laws Ann. c.183C, 1 *et seq.*, the Massachusetts Anti-Predatory Mortgage Law, which was passed overwhelmingly by the Massachusetts legislature, to curb abuses of consumers by mortgage lenders. Violations of c. 183C are also deemed to be violations of the Massachusetts Consumer Protection Law, c. 93A. Plaintiff alleges that Defendant has engaged in fraudulent misrepresentation with respect to lending practices and the servicing thereof which may result in the Plaintiff losing her home.

3. In 1992, the Attorney General of Massachusetts promulgated 940 CMR 8.00 relating to mortgage lenders and mortgage brokers pursuant to the Attorney General's authority in M.G.L. c. 93A, s. 2(c). These regulations were designed to protect Massachusetts consumers seeking residential mortgage loans for home improvements and other purposes, other than for the purchase or initial construction of residential property or open-ended home equity lines of credit, and to ensure that the mortgage industry is operating fairly and honestly by means of legitimate and responsible business acts and practices that are neither unfair nor deceptive.

4. 940 CMR 8.06 (17) states that: "It is an unfair or deceptive act or practice for a mortgage broker to process, make or arrange a loan that is not in the borrower's interest. Where the

financial interest of a mortgage broker conflicts with the interests of the borrower (for example, where the broker's compensation will increase directly or indirectly if the borrower obtains a loan with higher interest rates, increased charges or less favorable terms than those for which a borrower would otherwise qualify), the broker shall disclose the conflict and shall not proceed to process, make or arrange the loan so long as such a conflict exists. It is an unfair or deceptive act or practice for a mortgage broker to disclaim the duty established by 940 CMR 8.06(17) in a written contract or to assert in oral representations that a broker does not have such a duty in communications with the borrower."

## PARTIES

5. Claudia DeFuria, ("DeFuria" or "Plaintiff"), is an individual who resides and owns a home at 7 Pearl Avenue, Lawrence, Massachusetts. The Plaintiff is a borrower who used the services of Countrywide Home Mortgage as a mortgage lender to finance a mortgage on her residence located at 7 Pearl Avenue, Lawrence, Massachusetts. This mortgage was later purchased by the Defendant, Bank of America Home Loans.

6. Bank of America Home Loans ("BoA") is the party which services the home loan of the Plaintiff. BoA's counsel is Orlans|Moran, PLLC, and has an address of P.O. Box 962169, Boston, MA, 02196.

7. BoA is not registered with the Massachusetts Division of Banks, nor is it registered with the Secretary of State as a foreign corporation. Its mailing address is 400 National Way, Simi Valley, CA 93055.

## FACTS

8. On or about March 3, 2003, DeFuria, with her then-husband, Gregory Stafford, financed their home at 7 Pearl Avenue, Lawrence, Massachusetts, with Countrywide Home Mortgage. This "no doc" loan was later assigned to Bank of America Home Loans ("BoA").

9. In February of 2008, DeFuria and her husband divorced, with the property being granted to DeFuria in the divorce judgment. Stafford formally quitclaimed the property to DeFuria in 2012.

10. DeFuria subsequently fell behind on her mortgage payments. She made numerous attempts to obtain a modification, as her financial circumstances had changed, but were told by BoA that she did not qualify for any modification program as her mortgage was "Undocumented."

11. DeFuria has just recently made a new attempt at a modification, with the same results, as her loan is a "no doc" loan. The only options DeFuria has been offered are a deed in lieu of foreclosure or a short sale, neither of which are acceptable, as DeFuria wishes to keep her home.

12. Upon information and belief, Countrywide Home Mortgage, and BoA as its successor, developed, managed, aggressively marketed, and sold loans to customers, like the Plaintiff, whom they knew were not financially qualified for such loans.

### COUNT I —Massachusetts Consumer Protection Act

13. Plaintiff realleges and incorporates herein her statement of facts set forth hereinabove and the allegations contained in paragraphs 1 through 12 of this Complaint herein.

14. This is an action for relief and for damages pursuant to the Massachusetts General Laws Chapter 93A, the Massachusetts Consumer Protection Act, (hereinafter "the Act").

15. At all times relevant, the Plaintiff was a "consumer" as defined by M.G.L. c.93A.

16. At all times relevant, the Defendant was engaged in "trade or commerce" as defined by M.G.L. c. 93A;

17. On or about October 23, 2012, the Plaintiff mailed by way of first class certified mail a demand letter pursuant to M.G.L. 93A, as a prerequisite to the current action.

18. Violations of the Act are defined as unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are declared unlawful.

19. Defendant has violated the Act by engaging in unfair and deceptive acts and practices including but not limited to fraudulently inducing Plaintiff to enter into a loan that Defendant knew she was not financially qualified for, and by breaching Defendant's duty of good faith and fair dealing based upon standards imposed by the residential mortgage lending and servicing industries.

20. As a direct and proximate result of the Defendant's unfair and deceptive acts and practices, Plaintiff has been damaged and such damages have been proximately caused by the Defendant's unfair and deceptive acts which have directly resulted in the Plaintiff being threatened with the loss of her homestead and the equity therein, along with being assessed an additional layer of foreclosure fees and costs which were added to the delinquency and reinstatement balance.

### COUNT II (VIOLATION OF M.G.L. c. 167)

21. Plaintiff realleges and incorporates herein her statement of facts set forth herein above and the allegations contained in paragraphs 1 through 20 of this Complaint herein.

22. Defendant has violated M.G.L c. 167 by, as a bank, engaging in this Commonwealth in unfair methods of competition or unfair or deceptive acts or practices involving consumer transactions.

23. In violation of MGL c. 167, Defendant failed to inform Plaintiff at the inception of her mortgage that she would be unable to modify it in future.

24. As a direct and proximate result of the Defendant's unfair and deceptive acts and practices, as referenced in the fact section above, this Plaintiff has been damaged and such damages have been proximately caused by the Defendant's unfair and deceptive acts which have directly resulted in the Plaintiff being threatened with the loss of her homestead and the equity therein, along with being assessed an additional layer of foreclosure fees and costs which were added to the delinquency and reinstatement balance.

25. As a result of this conduct, Plaintiff has suffered damages and harm for which the Defendant is liable.

## COUNT III (FRAUD)

26. Plaintiff realleges and incorporates herein her statement of facts set forth hereinabove and the allegations contained in paragraphs 1 through 25 of this Complaint.

27. Plaintiff alleges that Defendant intentionally misrepresented material terms of the mortgage loan process.

28. Plaintiff alleges that Defendant used fraud when it knowingly granted a mortgage Plaintiff was not financially qualified for, as well as failing to inform her that it could not be modified.

29. As a result of this conduct, Plaintiff has suffered damages and harm for which the Defendant is liable.

## COUNT IV (MISREPRESENTATION)

30. Plaintiff realleges and incorporates herein her statement of facts set forth hereinabove and the allegations contained in paragraphs 1 through 29 of this Complaint.

31. Plaintiff alleges that Defendant deliberately hid and falsified material facts, including the fact that the Plaintiff would not be able to modify her "no-doc" loan in future. If the Plaintiff had known this, she would have reconsidered her mortgage.

32. As a result of Defendant's conduct, Plaintiff has suffered damages and harm for which the Defendant is liable.

## REQUESTS FOR RELIEF

WHEREFORE, Plaintiff requests that this Court:

1. Enter judgment for Plaintiff on all Counts of its Complaint;
2. Order the Defendant to provide the Plaintiff with an appropriate modification of her mortgage;
3. Issue an order or injunction barring any judicial or non judicial foreclosure or other lender action under the mortgage or deed of trust relating to the Plaintiff's residence at 7 Pearl Avenue, Lawrence, Massachusetts;
4. Issue an order or injunction enjoining a lender from engaging in any prohibited conduct;
5. Impose such other relief, including injunctive relief, as the court may consider just and equitable;
6. Award Plaintiff damages as determined at trial, plus interest and costs as provided by law;
7. Award this Plaintiff actual damages and attorney's fees and costs to Plaintiff's counsel;
8. Award ancillary relief, including, but not limited to, rescission of contracts, restitution, and the disgorgement of ill-gotten monies, to prevent and remedy injury caused by Defendant's law violations;

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

This 26th day of November, 2012.

Respectfully submitted,

Claudia DeFuria,
By her Attorney,

MariElizabeth Anne McKeon
BBO# 645864

McKeon & Associates, LLC.
505 Paradise Road, #115
Swampscott, MA 01907
(781) 599-4530